# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **YETI COOLERS, LLC,**<br>    *Plaintiff*<br><br>**v.**<br><br>**BAPEX INTERNATIONAL, LLC d/b/a**<br>**COLD BASCARD COOLERS,**<br>    *Defendant* | §<br>§<br>§<br>§   Case No.  1:19-CV-783-RP<br>§<br>§<br>§<br>§ |

# O R D E R

Before this Court is Plaintiff Yeti Coolers, LLC's ("Yeti") Motion to Strike Defendant Bapex International, LLC d/b/a Cold Bastard Coolers' ("Bapex") Affirmative Defense of Inequitable Conduct, filed on November 20, 2019. Dkt. No. 12. On April 10, 2020, the District Court referred the motion to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.   Background

Yeti sued Bapex on August 2, 2019, asserting claims of trademark and trade dress infringement, trade dress dilution, unfair competition, false designation of origin, misappropriation, and unjust enrichment, under federal, state, and common law. Dkt. No. 1. Yeti alleges that Bapex offers coolers that infringe its trade dress rights. *Id.* at ¶¶ 14-17. Bapex denies the salient allegations in Yeti's complaint and asserts sixteen affirmative defenses. It is the last of these defenses that Yeti moves to strike, for the following three reasons:

1. It is nearly identical to an inequitable conduct defense that the Court struck as "insufficient" in a case Yeti filed against a different defendant, *YETI Coolers, LLC v. RTIC Coolers, LLC*, No. 15-CV-597, 2016 WL 5956081, at *9 (W.D. Tex. Aug. 1, 2016) (Pitman, J.);

2. It fails to meet the heightened pleading standard for fraud under FED. R. CIV. P. 9(b); and

3. It does not allege a subjective intent to deceive the U.S. Patent and Trademark Office ("PTO").

Bapex responds that Yeti's motion should be denied because the defense is pled sufficiently and with adequate particularity. Dkt. No. 17. Yeti contends that the Court should disregard Bapex's response as late-filed. Dkt. No. 20.

## II.   Legal Standard

Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Alum. v. Chem. Sales, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). What constitutes an insufficient defense depends on the nature of the claim for relief and the defense in question. *EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980). The trial court has "ample" discretion when considering a Rule 12(f) motion. *In re Beef Indus. Antitrust Litig.,* 600 F.2d 1148, 1168 (5th Cir. 1979).

## III.   Analysis

Yeti contends that Bapex's response to its motion should be given no consideration because it was untimely. Although Bapex analogizes Yeti's motion to strike to a request for dismissal, *see* Dkt. No. 17 at 2 n.1, the motion to strike one of its sixteen asserted affirmative defenses clearly is nondispositive. Pursuant to Local Rule CV-7(e)(2), Bapex's response thus was due seven days after Yeti filed the motion, on November 27, 2019. Because the response was not filed until December 3, 2019, it was untimely.

A court may disregard a late response and grant the motion as unopposed. *See* Local Rule CV-7(e)(2) ("If there is no response filed within the time period prescribed by this rule, the court may

grant the motion as unopposed."); *see also Frick v. Quinlin*, 631 F.2d 37, 40 (5th Cir. 1980). Nonetheless, the Court declines to do so here and instead exercises its discretion to proceed to the merits of the motion.

The challenged defense reads as follows:

**SIXTEENTH DEFENSE**
(Inequitable Conduct)

> Yeti's claims are barred in whole or in part by inequitable conduct. Specifically, YETI falsely represented under oath to the United States Patent and Trademark Office that no other person has the right to use the asserted trade dress(es) in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive, when in fact the evidence will show YETI knew there was widespread use of the design(s).

In its Response, Bapex makes clear that its defense is "premised on inequitable conduct that is tantamount to fraud on the Trademark Office." Dkt. No. 17 at 1. *See generally* 6 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION ("MCCARTHY") §§ 31.61-31.67 (comparing trademark fraud with patent fraud, now known as "inequitable conduct") (5th ed. 2020).

Fraud on the PTO in connection with trademark registration requires that the following five elements be alleged and proven:

1. a false representation regarding a material fact;
2. knowledge or belief that the representation is false;
3. intent to induce the PTO to act or refrain from acting in reliance on the misrepresentation;
4. reasonable reliance by the PTO on the misrepresentation; and
5. damage from such reliance.

*Texas Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.*, 951 F.2d 684, 693 n.14 (5th Cir. 1992).

3

Entirely missing from Bapex's defense is any allegation of the third element, intent. A fraudulent registration claim requires proof "by clear and convincing evidence that the applicant made false statements with the intent to deceive the licensing authorities." *Alliance for Good Gov't v. Coalition for Better Gov't*, 901 F.3d 498, 507 (5th Cir. 2018) (quoting *Meineke Disc. Muffler v. Jaynes*, 999 F.2d 120, 126 (5th Cir. 1993)); *see also RJ Mach. Co. v. Canada Pipeline Accessories Co.*, 116 F. Supp. 3d 795, 816 (W.D. Tex. 2015); *Global Healing Center, LP v. Powell*, No. 4:10-CV-4790, 2012 WL 1709144, at *4 (S.D. Tex. May 15, 2012) ("The Fifth Circuit has emphasized that, in order to show that an applicant defrauded the PTO the party seeking to invalidate a mark must show that the applicant intended to mislead the PTO. Absent the requisite intent to mislead the PTO, even a material misrepresentation would not qualify as fraud under the Lanham Act warranting cancellation.") (cleaned up). "Subjective intent to deceive, however difficult it may be to prove, is an indispensable element in the analysis." *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009).

Federal trademark applications include a declaration stating in part that:

> To the best of the signatory's knowledge and belief, no other persons . . . have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

Dkt. 12-2 at 3. The gravamen of Bapex's affirmative defense is that Yeti signed the oath in the application to register its trade dress although it "knew there was widespread use of the design(s)." Without more, this allegation does not constitute intent to deceive. "There is nothing in the application verification or the statute [15 U.S.C. § 1120] which requires applicant to disclose anyone who in fact may be using the mark, but does not, in the applicant's belief, possess the legal right to use." 6 MCCARTHY at § 31.76 (citing *King-Size, Inc. v. Frank's King Size Clothes, Inc.*, 547 F. Supp. 1138, 1166 (S.D. Tex. 1982)).

4

As Judge Cardone has explained in the patent context: "Although motions to strike are disfavored, so are unsubstantiated assertions of the inequitable conduct defense." *Cabin Foods, LLC v. Rich Prods. Corp.*, No. 11-cv-318, 2012 WL 433115, at *6 (W.D. Tex. Feb. 8, 2012). Bapex's affirmative defense is insufficient as a matter of law because it does not allege the element of intent.[1]

### IV.   Conclusion

Yeti's Motion to Strike Defendant Bapex's Affirmative Defense of Inequitable Conduct (Dkt. No. 12) is **GRANTED**. The Court hereby **STRIKES** Bapex's Sixteenth Affirmative Defense.

The Court **FURTHER ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

**SIGNED** on May 4, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the Court grants the motion on this basis, it need not address Yeti's other arguments.